PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
BONNIE REGINA

ERICK C. TURNER, ESQ.
BERRY & BLOCK, LLP
2150 River Plaza Drive, Suite 415
Sacramento, CA 95833
Telephone: (916) 564-2000 (ext. 8)
Facsimile: (916) 564-2024

Attorneys for Defendants
COLBY STREET MEDICAL CENTER,
LLC and CARDOZA PROPERTIES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>    Plaintiff,<br><br>    v.<br><br>COLBY STREET MEDICAL CENTER, LLC; LABORATORY CORPORATION OF AMERICA; CARDOZA PROPERTIES, INC.; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. C10-05955 CRB<br><br>Civil Rights<br><br>**JUDICIALLY ENFORCEABLE SETTLEMENT AGREEMENT AND RELEASE IN FULL** |

## SETTLEMENT AGREEMENT AND RELEASE IN FULL

This Judicially Enforceable Settlement Agreement and Release in Full ("Agreement") is between BONNIE REGINA ("Plaintiff"), on the one hand; and COLBY STREET MEDICAL CENTER, LLC ("CSMC"); and CARDOZA

PROPERTIES, INC. ("CPI") on the other hand. Plaintiff, CSMC, and CPI are collectively referred to as the "Parties."

## RECITALS

1. Plaintiff BONNIE REGINA filed a Complaint in this action on December 29, 2010, to obtain recovery of damages for her alleged discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants and Defendant LABORATORY CORPORATION OF AMERICA ("LCA") relating to the condition of Defendants' and LCA's public accommodations as of October 7, 2009 and continuing. Plaintiff has alleged that Defendants and LCA violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 3010 Colby Street, Berkeley, California.

2. Defendants specifically deny any liability to Plaintiff or any violation of Plaintiff's rights.

3. Nothing in the Agreement requires LCA to undertake, implement, oversee, and/or require accessibility modifications on or for property which it does not own, control, or operate.

4. After considering the substantial expense and uncertainty associated with the Action, the Parties desire to settle all claims and disputes Plaintiff may have with the "Released Parties"[1], currently known or unknown, foreseeable or

---

[1] The "Released Parties" shall collectively include all defendants, and any other entity / individual (present, future, or former), known or unknown, whom Plaintiff might claim to be liable to Plaintiff for any of the acts alleged in the Action. Examples of these entities / individuals include but are not limited to past and present: licensees, lessors, franchisees, franchisors, employees, attorneys, agents, officers, directors, general and limited partners, shareholders, successors, assigns, predecessors, subsidiaries, divisions, affiliates, individuals, firms, insurance companies, reinsurance companies and third-party administrators.

unforeseeable, for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is executed by each of the Parties.

The Parties hereby enter into this Judicially Enforceable Settlement Agreement (the "Agreement") for the purpose of resolving this lawsuit without the need for protracted litigation.

## JURISDICTION

5. The Parties to this Agreement agree that the Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

6. The Parties further agree that the Court shall retain jurisdiction over this case to enforce the terms of the Agreement for two years from entry of the Court's dismissal.

## SETTLEMENT AND PAYMENT

7. CSMC shall pay to Plaintiff the total sum of $55,000.00 ("the Settlement Payment"). The Settlement Payment shall be allocated as follows: (1) $25,000.00 to Plaintiff; and (2) $30,000.00 to Plaintiff's counsel for attorneys' fees and costs. The Settlement Payment shall be made payable to Paul L. Rein Trust Account and tendered to the Law Offices of Paul L. Rein within ten (10) business days of full execution of this Agreement by the Parties and shall be in the form of one or more checks. Plaintiff's counsel shall provide completed W-9 form(s) to CSMC upon execution of the Agreement.

    a. Plaintiff takes complete responsibility for any tax liability from the receipt of any settlement monies under this Agreement. IRS 1099-MISC form will be issued to the Law Offices of Paul L. Rein for the Settlement Payment by CSMC.

8.  Plaintiff and CSMC agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines.

   a.  **Remedial Measures:** The corrective work agreed upon by Plaintiff and CSMC is set forth in **Attachment A**, which is attached and incorporated herewith. Defendant CSMC agrees to undertake all of the respective remedial work as set forth therein.

   b.  **Timing of Remedial Measures:** Except as otherwise noted in Attachment A, CSMC will complete all work within 9 months of the execution of the Agreement by the Parties. In the event that unforeseen difficulties prevent CSMC from completing any of the agreed-upon injunctive relief, CSMC or its counsel will notify Plaintiff's counsel in writing within 30 days of discovering the delay. Plaintiff will have 30 days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to CSMC's notice. If the Parties cannot reach agreement regarding the delay within this 30 day period, Plaintiff may seek to enforce the Agreement with the Court against CSMC.

   c.  **Notification of Completed Work:** CSMC or its counsel will notify Plaintiff's counsel within 30 days of the completion of all corrective work.

   d.  **Breach:** If CSMC fails to adhere to the agreed upon timetable, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional reasonable attorneys' fees for any compliance work necessitated by CSMC's failure to keep this agreement from CSMC. If Plaintiff and CSMC disagree as to the amount of such attorney fees, such fees shall be set by the Court.

   e.  **Future Disagreements:** Should any disagreement arise as to whether CSMC has properly made each and every modification required of it as delineated in Attachment A after notice has been provided to Plaintiff that all

- 4 -

corrective work is completed, Plaintiff shall provide CSMC with notice and a period of no less than 60 days to cure any alleged incomplete or improper modification.

## RELEASES

9.  **Release by Plaintiff:**

  a.  Plaintiff acknowledges and agrees that CSMC's covenant to pay the Settlement Payment and undertake the corrective Actions listed in Exhibit A is just and proper consideration given for the Plaintiff's release of her claims against CSMC, CPI, and LCA.

  b.  In consideration for the Settlement Payment, and the terms contained within this Agreement, Plaintiff, and those acting on Plaintiff's behalf (including heirs, beneficiaries, executors, administrators, successors, attorneys, agents and assigns), shall forever release CSMC, CPI, and LCA from all claims, currently known or unknown, foreseeable or unforeseeable, for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is signed by the Parties – which relate to the claims contained within the Action. This release includes attorneys' fees and/or costs incurred prior to the Effective Date of this Agreement.

  c.  **Examples of Release:** Example of claims released by Plaintiff include physical or mental injury, pain and suffering, prejudgment interest, compensatory damages, punitive and exemplary damages, insurance and/or reinsurance coverage, benefits, premiums, or medical expenses for treatment Plaintiff may have received, or may receive in the future; this list is not exhaustive. However, excluded from this Agreement are claims that cannot be waived by law.

  d.  **Civil Code Section 1542 Waiver:** Plaintiff expressly waives the rights provided under California Civil Code Section 1542, which states that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

Plaintiff understands the significance and consequences of a California Civil Code Section 1542 waiver, and hereby assumes full responsibility for any damages or losses caused by this waiver.

10. **Dismissal of Action:** Within five (5) business days of receiving payment from CSMC, Plaintiff's counsel shall sign and send to Defendants' counsel a Joint Stipulation for Dismissal with prejudice of the action as to all defendants, provided that this agreement has been approved and entered as an Order by the Court. Defense counsel shall prepare the Joint Stipulation for Dismissal with Prejudice.

11. **Full and Knowing Waiver:** Each Party consulted with an attorney, and executed this Agreement with a complete understanding of its legal effect. The Parties understand that executing this Agreement expressly waives all of the aforementioned rights, and binds them to the terms of this Agreement.

## WARRANTIES

12. **Capacity of the Parties:** The Parties warrant that each has the full power, capacity, and authority to enter into this Agreement, and that no claim, right, demand, action, or cause of action, was assigned to any entity who is not a Party to this Agreement. Further settlement agreements are not necessary to resolve any of the claims (actual or potential) – including the ones contained within the Action.

13. **Binding on Parties:** The Parties warrant that if the facts, upon which this Agreement is based, are found to be different from the facts now believed to be true, this Agreement will remain binding and effective. The Parties expressly accept, and assume the risk of, the possibility that differences exist, and agree that this Agreement shall remain binding and effective.

14. **Other Actions:** Each of the Parties represents that, other than the Action, it has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against any of the other Parties with respect to the Property, with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board.

15. **Other costs and Attorneys' Fees:** Plaintiff and the Law Offices of Paul L. Rein warrant that no counsel (other than the Law Office of Paul L. Rein) is entitled to the Settlement Payment or any other compensation related to Plaintiff's complaint.

16. **Voluntary Action by Parties:** The Parties enter into this Agreement knowingly and voluntarily, in order to avoid the expense of continued litigation.

## DENIAL OF LIABILITY

17. **Denial of Liability:** The Released Parties deny all allegations contained in the Action. The Parties expressly represent, understand and assent that this Agreement is a compromise of disputed claims, and shall not be construed as an admission of liability by the Released Parties. Nor shall any acts, omissions, or statements by the Parties be construed as an admission of liability. Nothing contained in this Agreement shall be admissible evidence in any judicial, administrative, or other legal proceeding (other than a proceeding for breaching this Agreement).

## GENERAL PROVISIONS

18. **Entire Agreement:** This Agreement constitutes the entire Agreement by the Parties hereto with respect to all of the matters discussed herein, and supersedes all prior or contemporaneous discussions, communications, or Agreements, expressed or implied, written or oral, by or between the Parties.

19. **No Reliance:** Each of the Parties represents and acknowledges that in executing the Agreement, it did not rely and has not relied upon any representation or statement made by any of the other Parties, representatives or attorneys with

regard to the subject matter, basis or effect of the Agreement, other than the promises and representations made in the Agreement.

20. **Governing Law:** This Agreement shall be interpreted and governed according to the laws of the State of California.

21. **Assignment:**

(a) Each of the Parties represents and warrants that it has not (either jointly or severally) heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against any of the other Parties, or any portion thereof or interest therein.

(b) Each of the Parties represents and warrants that no other person or entity other than the Parties hereto had or have any interest in the matters referred to in the Agreement. None of the Parties shall assign any of its rights or duties under the Agreement without the express written consent of all other Parties.

22. **Binding on Successors:** The provisions of the Agreement shall be binding upon, and shall inure to the benefit of the successors, assigns, heirs, executors, and administrators of the respective Parties.

23. **No Amendment without Writing:** The Parties agree that this Agreement shall not be amended, unless that amendment is made in writing and signed by each Party.

24. **Waiver:** The waiver of a breach of this Agreement shall not be construed as a waiver of any subsequent breach.

25. **Severability:** The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found unenforceable, the remaining paragraphs and provisions shall remain in full effect.

26. **Construction:** The Parties acknowledge that their respective attorneys have reviewed and revised this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

27. **Notice Requirements:** Each notice ("**Notice**") provided for under the Agreement must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by certified mail, addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any Notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which Notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

**Law Offices of Paul L. Rein**
Attorneys for Plaintiff
Attention: Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787


**Berry & Block, LLP**
Attorneys for CSMC and CPI
Attention: Erick C. Turner
2150 River Plaza Drive, Suite 415
Sacramento, CA 95833
Telephone: (916) 564-2000, Ext. 8
Facsimile: (916) 564-2024

28. **Effective Date:** This Agreement shall become effective and enforceable on the date executed by the Parties.

- 9 -
SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

29. **Counterparts:** This Agreement may be executed in counterparts, and authentic facsimile signatures shall be deemed to be original signature for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date specified below.

Dated: ✓ Feb. 2, 2012      PLAINTIFF BONNIE REGINA

× _Bonnie Regina_
BONNIE REGINA

Dated: _____, 2012     DEFENDANT COLBY STREET MEDICAL
                           CENTER, LLC

                           By: _____
                           Print name: _____
                           Title: _____

Dated: Feb. 8, 2012        DEFENDANT CARDOZA PROPERTIES, INC.

                           By: _M Phillip Cardoza_
                           Print name: _M Phillip Cardoza_
                           Title: _President_

- 10 -
SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

29. **Counterparts:** This Agreement may be executed in counterparts, and authentic facsimile signatures shall be deemed to be original signature for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date specified below.

Dated: ✗ Feb. 2, 2012          PLAINTIFF BONNIE REGINA

✗ *Bonnie Regina*
BONNIE REGINA

Dated: 2/14, 2012          DEFENDANT COLBY STREET MEDICAL
                           CENTER, LLC

By: *Robert Taylor*
Print name: ROBERT P. TAYLOR
Title: Managing Member

Dated: _____, 2012          DEFENDANT CARDOZA PROPERTIES, INC.

By: _____
Print name: _____
Title: _____

- 10 -
SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

### APPROVED AS TO FORM

DATED: 1/31, 2012          LAW OFFICES OF PAUL L. REIN

By: _____
Paul L. Rein, Esq.
Attorneys for Plaintiff
BONNIE REGINA

DATED: 2/15, 2012          **BERRY & BLOCK, LLP**

By: _____
Erick C. Turner, Esq.
Attorneys for Defendants
COLBY STREET MEDICAL CENTER, LLC and CARDOZA PROPERTIES, INC.

### ORDER

Pursuant to the parties' stipulation, and for good cause shown, IT IS SO ORDERED.

DATED: February 16, 2012

_____
Hon. CHARLES R. BREYER
United States District Judge

*IT IS SO ORDERED — Judge Charles R. Breyer*

- 11 -
SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

# ATTACHMENT A

| Item | Corrective Action | Completion Date |
|---|---|---|
| 1. Parking | CSMC will modify the existing parking stalls just outside the covered parking area to provide two (2) new van accessible parking spaces and four (4) new standard disabled parking spaces. CSMC will re-stripe the existing disabled parking stalls currently provided to provide compliant van accessible parking as well as standard disabled parking. | Within 9 months from full execution of the Agreement by the Parties |
| 2. Path of Travel | CSMC will create a new accessible path of travel from these new disabled stalls to the main entry door to the elevator lobby. | Within 9 months from full execution of the Agreement by the Parties |
| 3. Existing Ramp | CSMC will install signage at the base of the existing ramp located under the raised employee patio area to alert all disabled visitors to the fact that this ramp is not part of the accessible route provided. | Within 6 months from full execution of the Agreement by the Parties |
| 4. Front Ramp | CSMC will modify the exiting handrails and install a new wheel guard along both sides of the existing ramp. The bottom landing will be modified to provide a 60" x 72" level landing with appropriate slope. | Within 9 months from full execution of the Agreement by the Parties |
| 5. Telephones | CSMC will modify the existing pay phone in the lobby to provide a 30" wide alcove for forward approach use by all wheelchair users. The phone will be lowered so that the highest operable part is no more than 48" above the floor space. | Within 9 months from full execution of the Agreement by the Parties |
| 6. First Floor Drinking Fountain | The first floor drinking fountain will be replaced with a "hi-low" unit with pipe guard railing on either side to eliminate the greater than 4" protrusion into the accessible route. | Within 9 months from full execution of the Agreement by the Parties |
| 7. First Floor Bathroom | CSMC will modify the existing single accommodation unisex accessible restroom on the first floor as follows: (1) install new door signage at 60" centered above floor surface; (2) install new wall signage on strike side of door within 3" of strike edge with required type 2 Cal Braille; (3) install a new push button key pad lock device on door and remove the key lock device; (4) adjust the push/pull pounds of pressure to 5 lbs. max on entry door; (5) modify the interior wall to provide a minimum 60" clear width throughout the restroom; (6) relocate the paper towel dispenser/ trashcan to other side of sink to provide a minimum 60" clear floor space at the door; (7) modify the existing sink to provide a minimum of 27" knee clearance, 29" to bottom lip, and p-trap under sink to | Within 9 months from full execution of the Agreement by the Parties |

- 12 -

SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

| | | |
|---|---|---|
| | project 6" max from wall; (8) relocate existing toilet to provide 18" to centerline from near wall; (9) relocate toilet paper dispenser towards back wall to provide a maximum 36" from rear wall to leading edge of dispenser and to allow full clear space in front of the toilet; (10) install a new flush handle on wide side of the toilet tank; (11) modify the existing side grab bar to provide a minimum 54" from rear wall and rear grab bar to provide a 12" - 24" split from the center of the toilet. | |
| 8. Former LabCorp Office Suite | CSMC will modify LabCorp's former suite to ensure compliance with Title 24 and ADAAG requirements before the space is leased to a new tenant. | TBD |
| 9. Second Floor Bathroom | CSMC will modify the existing single accommodation unisex accessible restroom on the second floor as follows: (1) install new wall signage on strike side of door within 3" of strike edge with required type 2 Cal Braille; (2) install a new push button key pad lock device on door and remove the key lock device; (3) adjust the push/pull pounds of pressure to 5 lbs. maximum on entry door; (4) relocate the sink to provide a minimum of 60" clear floor space at the door; (5) modify the existing sink to provide a minimum of 27" knee clearance and 29" to bottom lip; (6) lower the mirror to 40" max above floor surface; (7) relocate the toilet paper dispenser toward the back wall to provide a maximum of 36" from rear wall to leading edge of dispenser and to allow full clear space in front of the toilet; (8) install a new flush handle on the wide side of the toilet tank; (9) modify the existing side grab bar to provide a minimum of 54" from the rear wall; and (10) lower the paper towel dispenser to 40" maximum above the floor surface. | Within 9 months from full execution of the Agreement by the Parties |
| 10. Second Floor Drinking Fountain | CSMC will install pipe railing to both sides of the second floor drinking fountain to eliminate the greater than 4" protrusion into the accessible route. The drinking fountain will be lowered to the appropriate height. | Within 9 months from full execution of the Agreement by the Parties |
| 11. Exterior Patio | CSMC will adjust the push/pull pounds of pressure to 5 lbs. maximum on the door to the exterior patio and provide accessible seating. CSMC will correct the height of the threshold. | Within 9 months from full execution of the Agreement by the Parties |
| 12. Entry/Exit Doors | New "Exit" signs with type 2 Cal Braille will be installed on the inside strike edge wall of the door to the elevator lobby at 60" centered above the floor surface. New 6" x 6" ISA symbol signage will be installed on the outside glass of the door to the elevator lobby. The automatic | Within 9 months from full execution of the Agreement by the Parties |

- 13 -

SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB

| | | |
|---|---|---|
| | door opener will be modified, as necessary, to ensure proper open time and close rate. | |
| 13. Directional Signage/Signage | CSMC will install directional signage upon entering the parking lot that directs disabled users to the appropriate parking for each building. CSMC will install new compliant "Entrance Warning" signs at the entry to the parking garage, which includes the reclaim name and phone number. | Within 9 months from full execution of the Agreement by the Parties |

- 14 -
SETTLEMENT AGREEMENT AND RELEASE
Case No. C10-05955 CRB